IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-21-216-RAW |
| ) | |
| ASHLEY DAWN LANGFORD, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The Defendant Ashley Dawn Langford was charged by way of indictment with two counts of sexual abuse of a minor in Indian Country, in violation of 18 U.S.C. §§ 2243(a), 2246(2)(A), 1151, & 1153, as well as one count of sexual abuse of a minor, in violation of 18 U.S.C. §§ 2243(a), 2246(2)(B), 1151, & 1153. The Defendant has moved to suppress evidence obtained pursuant to a search warrant for a cell phone search, and the Court referred the Defendant's motion for findings and recommendation pursuant to 28 U.S.C. § 636(b)(1). *See* Docket No. 25. A suppression hearing was conducted on October 12, 2021. *See* Docket No. 53. For the reasons set forth below, the undersigned Magistrate Judge recommends that the Defendant's Motion to Suppress and Brief in Support Thereof [Docket No. 22] be GRANTED.

### Factual Summary

This case arose pursuant to a child sexual abuse investigation. A minor, C.C., had reported to the Eufaula Police Department in Eufaula, Oklahoma, that his babysitter, the Defendant, had engaged him in sexual acts beginning when he was thirteen years old. The

Defendant was interviewed multiple times by the Eufaula Police Department and made a series of increasingly inculpatory statements. She was then arrested, and her cell phone was one of the items taken into evidence.[1] Officers then worked to secure a search warrant of the phone.

Eufaula Police Department Detective Josh Cummings was the affiant for the search warrant, and he also prepared the search warrant for the state court judge's signature. Detective Cummings testified at the suppression hearing that he prepared the affidavit and search warrant with assistance from another District 25 Violent Crimes Task Force Agent, and that he believed that evidence of a crime or crimes was on the phone.

As relevant here, the affidavit for the search warrant identified the cell phone by model and serial number, "with a clear/floral designed case." Hr'g Ex. 1, p. 1. It was described as:

> A cell phone containing digital, magnetic, or electronic data, or electronic data storage devices, and the content of such cell phone which in whole or part depict letters, subscriber information from SIM (subscriber identification module), electronic mail, internet chat communications, instant messaging, SMS (short message service), MMS (multimedia message service), call log, phone book, legal documents, photographs, images, graphics, pictures, videos, movies, audio or video recordings, or motion pictures, or any recorded documents depicting communication correspondence or storage of these communication, files, graphics, documents, or other data ***related to the crime of Rape.***

Hr'g Ex. 1, p. 1 (emphasis added). In support of probable cause, Detective Cummings recited his experience as a law enforcement officer, as well as the allegations supporting

---

[1] The undersigned Magistrate Judge notes here that the Defendant does not challenge how the officers came into possession of the phone.

the arrest of the Defendant, *i. e.*, the report of C.C. that he had engaged in sex with the Defendant on more than one occasion two years prior when he was around fourteen years old, and that the Defendant, following a polygraph and interview, had disclosed engaging in sex acts with C.C. Detective Cummings then included general statements regarding the usefulness of cell phones in containing evidence of inappropriate relationships between adults and minors, as well as evidence of crimes including "trophy pictures." *Id.*, pp. 2-3. He then cited to *Riley v. California*, 573 U.S. 373 (2014) to provide a more accurate description of a cell phone, the kinds of information on them, and the need for a search warrant before searching them. *Id.*, p. 3. He then concluded by requesting a search warrant of the phone. Notably, the affidavit *does not* identify whose phone is being searched *or* identify any connection between *this* phone and the crimes alleged in the affidavit.

The search warrant itself likewise identified the cell phone by model and serial number, "with a clear/floral designed case," stating that the affiant believed it contained evidence related to "the commission of a criminal offense." *See* Hr'g Ex. 2. In its entirety, the parameters of the search warrant stated:

> A cell phone containing digital, magnetic, or electronic data, or electronic data storage devices, and the content of such cell phone which in whole or part depict letters, subscriber information from SIM (subscriber identification module), electronic mail, internet chat communications, instant messaging, SMS (short message service), MMS (multimedia message service), call log, phone book, legal documents, photographs, images, graphics, pictures, videos, movies, audio or video recordings, or motion pictures, or any recorded documents depicting communication correspondence or storage of these communication, files, graphics, documents, or other data ***related to locating a missing person.***

Hr'g. Ex. 2 (emphasis added). The search warrant thus did not identify a specific crime.

A McIntosh County state court judge signed the search warrant and Detective Cummings then turned the phone over to Okmulgee Police Department Captain Ables to perform the extraction of data from the phone. Detective Cummings testified that Captain Ables, another member of the Violent Crimes Task Force, had access to the technology to perform the extraction that his office did not. Detective Cummings did not place any limitations on Captain Ables as to what should be downloaded from the phone. Captain Ables then performed the extraction and contacted Detective Cummings to retrieve the phone and the data that had been placed on a thumb drive. Detective Cummings testified that Captain Ables did not review the data, he simply transferred it to the thumb drive, and that it was Detective Cummings himself who actually reviewed the data. Finally, Detective Cummings testified that he only reviewed files that he thought might be pertinent, including pictures and messages, but not videos.

## Analysis

The Defendant has now moved to suppress the search warrant of her cell phone. In support, the Defendant contends that the search warrant was invalid and overbroad, and that good faith does not apply because the affidavit in support of the search warrant was "bare bones" despite its length. More specifically, the Defendant contends that the search warrant did not even identify a crime, instead referred to "data related to a missing person," and that the affidavit did not support a probable cause determination, nor was there language connecting the phone to the Defendant. The Government contends there was a fair probability that the Defendant's cell phone contained evidence of violations of the law,

and the issuance of the search warrant was therefore legally sound. Alternatively, the Government contends that Detective Cummings relied on the warrant in good faith.

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. In other words, the Fourth Amendment requires that: (i) "a warrant must be supported by probable cause, and [ii] it must describe with particularity the place to be searched, and the persons or things to be seized." *United States v. Russian*, 848 F.3d 1239, 1244 (10th Cir. 2017) (quotation omitted). The determination this Court must make is whether "the issuing magistrate had a substantial basis for concluding that probable cause existed." *United States v. Corral*, 970 F.2d 719, 726 (10th Cir. 1992) (citations omitted). In this regard, affidavits submitted in support of a probable cause determination are to be judged by the "totality of the circumstances" standard outlined by the Supreme Court in *Illinois v. Gates*, 462 U.S. 213, 235 (1983). Furthermore, "[a] defendant challenging a search pursuant to a warrant has the burden of proof." *United States v. Harrison*, 566 F.3d 1254, 1256 (10th Cir. 2009). The undersigned Magistrate Judge will therefore first address whether the search warrant was supported by probable cause.

"'Only the probability, and not a *prima facie* showing, of criminal activity is the standard of probable cause.'" *United States v. Nolan*, 199 F.3d 1180, 1182-1183 (10th Cir. 1999) (*quoting Gates*, 462 U.S. at 235). "Probable cause undoubtedly requires a nexus between suspected criminal activity and the place to be searched." *United States v. Corral–*

*Corral*, 899 F.2d 927, 937 (10th Cir. 1990) (*citing United States v. McCoy*, 781 F.2d 168, 172 (10th Cir. 1985)). *See also United States v. Sparks*, 291 F.3d 683, 689 (10th Cir. 2002) (finding that probable cause existed for a search warrant when "Detective Owens did not have conclusive proof that Sparks was living in the residence outside the city limits . . . [but] Owens had a reasonable basis for believing that Sparks resided in the house[.]"). In this regard, the underlying affidavit, as summarized *by the Government* stated that "C.C. disclosed to his mother a series of sexual assaults by Defendant over an extended time; that Defendant admitted having had anal sex with C.C. numerous times over an period of approximately three months; that Defendant reported C.C. having made threats against himself, Defendant, and her children; that Detective Cummings knew that cell phones were used to store evidence of crimes; and that, as *Riley v. California* saw, cell phones are used frequently by a majority of Americans." Docket No. 51, p. 1 (quotation omitted). The question, therefore, is whether the underlying affidavit established a sufficient nexus between the cell phone and the suspected criminal activity (rape), or the Defendant. The affidavit contained zero connection between the defendant and the phone and only conclusory allegations that the phone would contain evidence of any criminal activity. This is clearly insufficient for probable cause. *United States v. Dutton*, 509 Fed. Appx. 815, 817 (10th Cir. 2013) ("The fatal flaw in the search warrant here is that the supporting affidavit does not connect the place to be searched—the storage unit—with Defendant. We have no quarrel with the concept that Defendant could reasonably be expected to keep explosives-related materials in his storage unit. What is missing, however, is any evidence

that the storage unit to be searched was Defendant's.").

The Defendant next contends that the search warrant fails the particularity test and was overly broad. The undersigned Magistrate Judge agrees that it was overly broad. The Tenth Circuit has previously "stated, 'warrants may pass the particularity test if they limit their scope either 'to evidence of specific federal crimes or to specific types of material.'" *Russian*, 848 F.3d at 1245 (10th Cir. 2017) (*quoting United States v. Christie*, 717 F.3d 1156, 1165 (10th Cir. 2013) (*quoting United States v. Riccardi*, 405 F.3d 852, 862 (10th Cir. 2005)). Here, the warrant itself fails to identify a specific crime, stating that it is in support of a criminal offense, but the data requested is "related to locating a missing person." Hr'g Ex. 2. The search warrant thus identified a specific phone as evidence of criminal activity but did not indicate what that criminal activity was. However, the undersigned Magistrate Judge notes that "the Tenth Circuit equates cell phone searches to computer searches and reviews a search for reasonableness after it occurs based on how the search was carried out rather than how the warrant described it." *United States v. Whitmore*, 2021 WL 2604971, at *7 (D. Kan. June 24, 2021) (*citing Russian*, 848 F.3d at 1245). *See also United States v. Loera*, 923 F.3d 907, 916-917 (10th Cir. 2019) ("To deal with this problem, rather than focusing our analysis of the reasonableness of an electronic search on "what" a particular warrant permitted the government agents to search (*i.e.*, "a computer" or "a hard drive"), we have focused on "how" the agents carried out the search, that is, the reasonableness of the search method the government employed. . . . Because it is unrealistic to expect a warrant prospectively [to] restrict the scope of a search by

directory, filename or extension or to attempt to structure search methods, our *ex post* assessment of the propriety of a government search is essential to ensuring that the Fourth Amendment's protections are realized in this context.") (*quotation omitted*).  Here, the uncontested testimony from Detective Cummings is that he focused his attention on searching for evidence of the crime of statutory rape (as alleged in the affidavit but not the search warrant), and there is no evidence he engaged in further "exploratory rummaging." *See Christie*, 717 F.3d at 1164 ("In today's world, if any place or thing is especially vulnerable to a worrisome exploratory rummaging by the government, it may be our personal computers.").  The warrant here appeared to be limited to specific types of material, as required in *Russian*, and in any event, Detective Cummings did not appear to engage in impermissible exploratory rummaging.  The Defendant's particularity argument is therefore neither persuasive nor determinative in this case.[2]

But even if the search warrant passes the particularity requirement, the Defendant nevertheless contends that it is still overly broad.  An overly broad warrant "describes in both specific and inclusive generic terms what is to be seized, but it authorizes the seizure of items *as to which there is no probable cause*." *United States v. Cotto*, 995 F.3d 786, 798 (10th Cir. 2021) (emphasis added).  As discussed above, the affidavit in support of the

---

[2] The undersigned Magistrate Judge further notes that "[w]here the warrant itself is insufficiently specific regarding the items to be searched and seized, [the Tenth Circuit] has held that the affidavit in support of the warrant can cure the want of specificity, but only if the affidavit is both incorporated in and attached to the warrant." *Riccardi*, 405 F.3d at 863 n.1.  However, as in *Riccardi*, "[n]othing in the record indicates that the affidavit was attached to the warrant, and the exception therefore does not apply." *Id.*  Accordingly, the undersigned Magistrate Judge declines to apply the affidavit to cure any further want of specificity.

search warrant lacks the requisite probable cause and the search pursuant to the search warrant was therefore overly broad. *Cf. United States v. Gonzales*, 399 F.3d 1225, 1230 (Tenth Cir. 2005) ("Here, Detective Gonzales's affidavit listed the address of the place to be searched in the caption and described the residence with particularity; however, there were no facts explaining how the address was linked to Mr. Gonzales, the vehicle, or the suspected criminal activity, or why the officer thought the items to be seized would be located at the residence. Rather, besides the physical description of the address, the only facts before the magistrate were that Mr. Gonzales was a convicted felon and a Glock 10mm magazine was found in a vehicle in which he was the only occupant. The only attempt at a connection was the detective's assertion that in his experience, 'firearm [sic] are often kept at the residence.'").

Furthermore, assuming *arguendo* that the warrant lacked probable cause, the undersigned Magistrate Judge is not satisfied that the "good faith exception" to the exclusionary rule enunciated in *United States v. Leon*, 468 U.S. 897 (1984) applies to the execution of the warrant herein by Detective Cummings. *See United States v. Danhauer*, 229 F.3d 1002, 1005 (10th Cir. 2000) ("[C]ourts have the discretion to proceed directly to an analysis of the good-faith exception without first addressing the underlying Fourth Amendment question.") (*citing Leon*, 468 U.S. at 924-925). *See also United States v. Bishop*, 890 F.2d 212, 216 (10th Cir. 1989) ("[R]esolution of whether there was probable cause supporting the warrant is not necessary to our decision . . . because . . . the agents' conduct clearly falls within the 'good faith exception' to the exclusionary rule.") (citation

omitted).

There are generally four situations in which the good faith exception to the exclusionary rule provided by Leon *does not* apply: (i) when the issuing judge was misled by an affidavit containing false information or information that the affiant would have known was false if not for his reckless disregard of the truth; (ii) when the issuing judge wholly abandons the judicial role; (iii) when the affidavit in support of the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; and (iv) when a warrant is so facially deficient that the executing officer could not reasonably believe it was valid. *See Leon*, 468 U.S. at 923. "[T]he government, not the defendant, bears the burden of proving that its agents' reliance upon the warrant was objectively reasonable." *Corral-Corral*, 899 F.2d at 932 (quotation omitted).

Here, the Defendant has raised arguments implicating the third and fourth of these situations, *i. e.*, that the affidavit underlying the warrant was so lacking in probable cause that reliance thereon was entirely unreasonable, and that the warrant was so facially deficient that Detective Cummings could not reasonably believe it was valid. The undersigned Magistrate Judge agrees that the affidavit underlying the warrant was so lacking in probable cause that reliance thereon was entirely unreasonable, *i. e.*, that it was a "bare bones" affidavit.

As to the third situation under *Leon*, the Tenth Circuit agrees with the Sixth Circuit that "while probable cause requires a substantial nexus, good faith is proper whenever there is a minimal nexus." *Gonzales*, 399 F.3d at 1230-1231 (*citing United States v. Carpenter*,

360 F.3d 591, 596 (6th Cir. 2004) (en banc)). The question here is thus whether the affidavit establishes "a minimal nexus between the place to be searched and the suspected criminal activity[.]" *Gonzales*, 399 F.3d at 1231. "An officer can't rely in good faith on an affidavit that is 'bare bones' or 'devoid' of factual support." *United States v. Cordova*, 792 F.3d 1220, 1223 (10th Cir. 2015), *as corrected* (July 31, 2015) (*citing Corral–Corral*, 899 F.2d at 934). In this regard, "[t]he appropriate inquiry then for the good-faith exception is not the legal sufficiency of the affidavit, but 'whether a 'reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization.'" *United States v. Smith*, 846 Fed. Appx. 641, 647 (10th Cir. 2021) (*quoting Gonzales*, 399 F.3d at 1230) (quoting *Leon*, 468 U.S. at 922 n.23). In this case, the undersigned Magistrate Judge agrees with the Defendant that the affidavit underlying the search warrant for the Defendant's cell phone was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Leon*, 468 U.S. at 923.

As discussed above, the affidavit contains no information tending to support a minimal nexus between the phone and the Defendant, *i. e.*, that the phone is the Defendant's. The affidavit is, in fact, "devoid of factual support" in this regard. *See United States v. Cardall*, 773 F.2d 1128, 1133 (10th Cir. 1985) ("When we consider whether the officer relied in good faith upon a warrant, we must look to the underlying documents to see whether they are *devoid* of factual support, not merely whether the facts they contain are legally sufficient.") (emphasis in original). Additionally, there is no information, other than Detective Cummings's generalized experience, to support a finding that the phone

11

contained evidence of the crime of rape (as alleged in the affidavit). And although Detective Cummings ultimately testified at the suppression hearing that the phone was the Defendant's, which had been taken into police custody upon her arrest, he provided no testimony that he had a specific reason to believe the phone contained evidence of the crime alleged in the affidavit. Detective Cummings's testimony as to the owner of the phone cannot cure the defect that this information was omitted from the affidavit. *See, e. g.*, *Whiteley v. Warden, Wyoming State Penitentiary*, 401 U.S. 560, 565 n.8 (1971) ("[A]n otherwise insufficient affidavit cannot be rehabilitated by testimony concerning information possessed by the affiant when he sought the warrant but not disclosed to the issuing magistrate. A contrary rule would, of course, render the warrant requirements of the Fourth Amendment meaningless.") (*citing Aguilar v. Texas*, 378 U.S. 108, 109 n.1 (1964) ("It is elementary that in passing on the validity of a warrant, the reviewing court may consider only information brought to the magistrate's attention.")). Likewise, Detective Cummings's numerous boilerplate statements in the affidavit as to evidence typically found on cell phones are insufficient to establish the minimal nexus required. *See United States v. Mora*, 989 F.3d 794, 801 (10th Cir. 2021) ("The affiant stated, based on his training and experience, that alien smugglers often use electronic communication devices, GPS devices, and electronic banking systems to conduct operations and store records. None of those boilerplate statements, however, are specific to Defendant's crime or circumstances."); *Poolaw v. Marcantel*, 565 F.3d 721, 732 (10th Cir. 2009), *as amended* (July 24, 2009) ("Even if Hix had included such training in the affidavit, an officer's

12

expertise cannot be invoked to nullify the Supreme Court's holding that mere propinquity is insufficient to establish probable cause."); *United States v. Zimmerman*, 277 F.3d 426, 433 n.4 (3d Cir. 2002) ("Rambling boilerplate recitations designed to meet all law enforcement needs do not produce probable cause.") (quotation omitted). Accordingly, the minimal nexus required here in order for the good faith exception to apply is absent. *See Cotto*, 995 F.3d at 796 ("But when determining whether an officer's reliance was objectively reasonable, our primary focus must be the text of the affidavit supporting the warrant. [] No matter how thorough an officer's process leading to the issuance of a warrant or how much an officer knows that *could* support the warrant, reliance on a warrant is not reasonable if the affidavit supporting it is 'bare bones' or 'devoid of factual support.'") (*citing Cordova*, 792 F.3d at 1223). The undersigned Magistrate Judge therefore finds that the warrant was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," *Leon,* 468 U.S. at 923, and that Detective Cummings's reliance upon it was not objectively reasonable.

## Conclusion

In summary, the undersigned Magistrate Judge finds that the search warrant at issue in this case was not supported by probable cause, that the *Leon* good faith exception *does not apply* to this case, and that the evidence seized from the search of the Defendant's cell phone *should* therefore be suppressed. Accordingly, the undersigned hereby PROPOSES the findings set forth above and RECOMMENDS that the Defendant's Motion to Suppress and Brief in Support Thereof [Docket No. 22] be GRANTED by the Court. Any objections

to this Report and Recommendation must be filed within fourteen (14) days.

    IT IS SO ORDERED this __25__th day of October, 2021.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**