IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ASHLEY DAWN LANGFORD,<br><br>    Defendant. | Case No. CR-21-216-RAW |

# ORDER

The Defendant has been charged in this case with three counts of sexual abuse of a minor between the age of 13 and 15 in Indian Country. Now before the court is the Defendant's motion to suppress evidence obtained pursuant to a search warrant for a cell phone search [Docket No. 22][1]; the United States Magistrate Judge's Report and Recommendation (R&R), recommending that the motion be granted [Docket No. 54]; the Government's objection to the R&R [Docket No. 59]; and the Defendant's response thereto [Docket No. 61].

The Defendant moves to suppress all evidence obtained from the search of her cell phone, arguing that the affidavit for search warrant failed to establish probable cause and the search warrant was overbroad.[2] The affidavit for search warrant and the search warrant are attached to the Defendant's motion as Exhibits 1 and 2, respectively. Docket No. 22-1 and 22-1.

---

[1] See also Docket Nos. 36, 44, and 51 for the response, reply, and surreply.
[2] "A defendant challenging a search pursuant to a warrant has the burden of proof." *United States v. Harrison*, 566 F.3d 1254, 1256 (10th Cir. 2009) (citing *United States v. Carhee,* 27 F.3d 1493, 1496 (10th Cir.1994)).

The R&R recommends that the motion be granted, finding first that the affidavit contained no connection between the defendant and the phone and that it contained only conclusory allegations that the phone would contain evidence of any criminal activity. The R&R further finds that the search warrant itself fails the particularity test and is overly broad, noting that it fails to identify a specific crime, states that it is in support of a criminal offense, and the data requested is "related to locating a missing person." Ultimately, the Magistrate Judge determined that the search warrant at issue was not supported by probable cause and that the *Leon*[3] good faith exception does not apply in this case. The Government objects to the R&R, and the Defendant requests that it be affirmed. The court hereby incorporates by reference the factual summary included in the R&R, the affidavit for search warrant, and the search warrant.

The Fourth Amendment provides that "no Warrants shall issue" without "particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The Fourth Amendment thus mandates two requirements for search warrants – that they be supported by probable cause, and that they "describe with particularity 'the place to be searched, and the persons or things to be seized.'" *United States v. Russian*, 848 F.3d 1239, 1244 (10th Cir. 2017).

An affidavit in support of a search warrant "establishes probable cause if it evinces a 'fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Cotto*, 995 F.3d 786, 796 (10th Cir. 2021) (citation omitted). Whether probable cause exists is a common-sense question and is to be determined based upon the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 225-46 (1983). A reviewing court should not

---

[3] *United States v. Leon*, 468 U.S. 897 (1984).

invalidate a warrant by interpreting the affidavit in a hyper technical, rather than commonsense manner. *Id*. at 236.

In this case, the Defendant complains of multiple deficiencies in the search warrant and the affidavit for search warrant. The court examines them in turn, first noting that the affidavit was not specifically incorporated into the warrant and there is no evidence as to whether it was attached; thus, the affidavit cannot cure any deficiencies. *United States v. Guidry*, 199 F.3d 1150, 1155 n. 2 (10th Cir. 1999).

## I.

First, both the search warrant and the affidavit for search warrant describe the phone to be searched but fail to include the fact that the phone belonged to the Defendant. Additionally, while the affidavit states that the cell phone will be search for evidence related to the crime of "rape," the warrant mistakenly states that it will be searched for evidence "related to locating a missing person." The court agrees that these are deficiencies on the face of the warrant, likely sufficient to find it lacking in probable cause.

The evidence obtained from the Defendant's cell phone will not be suppressed based upon these technical deficiencies, however, because Detective Cummings executed the warrant in good faith. The Supreme Court has held that the exclusionary rule does not apply when an officer acts "in objectively reasonable reliance on a subsequently invalided search warrant." *Leon*, 468 U.S. at 922.[4] The Court noted that "the exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges and magistrates." *Id*. at 916. The Court then pointed to four situations in which there would be no reasonable grounds for believing a

---

[4] The Government bears the burden to show the objectively reasonable reliance of an officer. *United States v. Leary*, 846 F.2d n. 592, 606 n. 26 (10th Cir. 1988).

warrant was properly issued. *Id*. at 923. In this case, the Defendant argues that the last two of those situations are present. The Defendant argues that the affidavit for search warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" and that the warrant is so facially deficient that the executing officer could not reasonably believe it was valid.

The court disagrees. Detective Josh Cummings was both the affiant for the search warrant as well as the officer who executed the warrant. Detective Cummings testified at the suppression hearing that the cell phone was the Defendant's, that she brought it with her to the police station, that he collected it from her and took it into police custody upon her arrest, and that she gave him the passcode to open it. Detective Cummings then prepared the affidavit and the search warrant for the state court judge's signature with assistance from another Agent.

As the Tenth Circuit has held, "the knowledge of the executing officer can be considered in determining the sufficiency of the description." *United States v. Occhipinti*, 998 F.2d 791, 799 (10th Cir. 1993). In fact, his knowledge as both the affiant and the executing officer can and should be considered in determining whether he executed the warrant in good faith. *See Guidry*; 199 F.3d at 1155 (10th Cir. 1999); *United States v. Simpson*, 152 F.3d 1241, 1248 (10th Cir. 1998). "Even if the warrant was not specific enough, the court should not suppress the evidence because the agents seized it in objectively reasonable reliance on the warrant." *United States v. Robertson,* 21 F.3d 1030, 1034 (10th Cir.1994) (citing *Leon,* 468 U.S. at 920–22, 104 S.Ct. 3405).

Detective Cummings, both the search warrant affiant and the executing officer, knew that the phone belonged to the Defendant and that the allegations against her involved statutory rape, not a missing person. Consequently, despite the omission of the Defendant's name as the owner of the phone or the typographical error of "related to locating a missing person" rather than

4

"rape" or "statutory rape," Detective Cummings executed the warrant with objectively reasonable reliance. Excluding this evidence would not deter police misconduct, but only punish his and the issuing judge's errors. The evidence will not be suppressed on this basis.

## II.

Additionally, the Defendant argues that the warrant did not provide any temporal limitation or practical limitation as to the data to be searched.[5] The search warrant directed the search as follows:

> A cell phone containing digital, magnetic, or electronic data, or electronic data storage devices, and the content of such cell phone which in whole or part depict letters, subscriber information from SIM (subscriber identification module), electronic mail, internet chat communications, instant messaging, SMS (short message service), MMS (multimedia message service), call log, phone book, legal documents, photographs, images, graphics, pictures, videos, movies, audio or video recordings, or motion pictures, or any recorded documents depicting communication correspondence or storage of these communication, files, graphics, documents, or other data related to locating a missing person.

Detective Cummings testified that he executed the warrant, reviewing only the files that he thought might contain evidence of the crime of statutory rape, including pictures and messages, but not videos. As noted in the R&R, the uncontested testimony from Detective Cummings is that he focused his attention on searching for evidence of the crime of statutory rape, and there is no evidence he engaged in further "exploratory rummaging."

"[T]he Tenth Circuit equates cell phone searches to computer searches and reviews a search for reasonableness after it occurs based on how the search was carried out rather than how

---

[5] The Defendant also argues that Detective Cummings failed to provide any reason to believe that the Defendant's phone was the same one she used approximately two years ago when the alleged offenses occurred. The court is not convinced. The court is to apply common sense in determining these issues. The search warrant was issued in June of 2020. Even if the Defendant had replaced her phone between 2017 and 2020, by these dates and in today's world, information from an old phone is commonly transferred to a new phone.

the warrant described it." *United States v. Whitmore*, No. 20-cr-40004-TC, 2021 WL 2604971, at *7 (D. Kan. June 24, 2021) (citing *Russian*, 848 F.3d at 1245).  The Tenth Circuit has stated that "rather than focusing our analysis of the reasonableness of an electronic search on 'what' a particular warrant permitted the government agents to search (i.e., 'a computer' or 'a hard drive'), we have focused on 'how' the agents carried out the search, that is, the reasonableness of the search method the government employed."  *United States v. Loera*, 923 F.3d 907, 916-17 (10th Cir. 2019).

The Circuit has reasoned that "[b]ecause it is unrealistic to expect a warrant prospectively to restrict the scope of a search by directory, filename or extension or to attempt to structure search methods, our *ex post* assessment of the propriety of a government search is essential to ensuring that the Fourth Amendment's protections are realized in this context."  *Id*. at 917 (citing *United States v. Burgess*, 576 F.3d 1078, 1093 (10th Cir. 2009)) (internal quotations and brackets omitted).  The cell phone evidence, therefore, will not be suppressed based on the description in the warrant of what was to be searched.

### III.

The question remaining is whether the affidavit contained specific enough reason to believe the phone contained evidence of the crime alleged.  The Defendant argues that the affidavit failed to include any information, other than Detective Cummings' generalized experience, to support a finding that the phone contained evidence of the crime of rape.  The Defendant argues that for probable cause to exist, Detective Cummings would have had to include specific information beyond his experience showing that evidence of the relationship between the Defendant and C.C. would be on her cell phone.  The court does not agree.

6

"Probable cause undoubtedly requires a nexus between suspected criminal activity and the place to be searched." *United States v. Danhauer*, 229 F.3d 1002, 1006 (10th Cir. 2000). "The 'touchstone' of the Fourth Amendment is 'reasonableness.'" *United States v. Biglow*, 562 F.3d 1272, 1279 (10th Cir. 2009) (citation omitted). "Whether a sufficient nexus has been established between a defendant's suspected criminal activity and [the place to be searched] thus necessarily depends upon the facts of each case." *Id.*

"Certain non-exhaustive factors relevant to our nexus analysis include (1) the type of crime at issue, (2) the extent of a suspect's opportunity for concealment, (3) the nature of the evidence sought, and (4) all reasonable inferences as to where a criminal would likely keep such evidence." *Id*. Probable cause to believe that evidence "will be found in a specific location is a practical, nontechnical conception . . . that *need not be based on direct, first-hand, or 'hard' evidence*." *Id*. (citing *United States v. Tisdale*, 248 F.3d 964, 971 (10th Cir. 2001) (emphasis added). Instead, "a sufficient nexus is established once 'an affidavit describes circumstances which would warrant a person of reasonable caution' in the belief that 'the articles sought' are at a particular place." *Id*.

The Tenth Circuit has long recognized that an issuing judge "may 'rely on the opinion' of law enforcement officers 'as to where contraband' or other evidence 'may be kept.'" *Id.* "In some cases, the 'additional evidence' linking an individual's suspected illegal activity to [the place to be searched] has thus come in the form of an affiant officer's statement that certain evidence—*in his or her professional experience*—is likely to be found in [the place to be searched]." *Id*. at 1279-80 (emphasis added). "But an affiant officer need not draw an explicit connection between a suspect's activities and [the place to be searched] for a Fourth Amendment nexus to exist." *Id*. at 1280.

7

Again, the probable cause question is a commonsense question, and it is appropriate to look to the "practical considerations of everyday life" in determining whether certain evidence would be found in a particular place. *Id*. In this case, the Defendant was accused of having a sexual relationship with a teenage boy. It is common knowledge that adults and teenagers communicate almost exclusively via cell phones. Thus, it is common sense that evidence of such a relationship would likely be found on their cell phones. Detective Cummings included numerous statements in the affidavit, including *inter alia* that in his professional experience, evidence of an inappropriate relationship between an adult and a minor child is often stored on cell phones and that criminals often delete such evidence.

This is not to say that an affiant officer would never need to provide more than his experience for probable cause to search a cell phone in any case. In the context of allegations of an inappropriate sexual relationship between an adult and a teenage child, however, common sense dictates – and Detective Cummings' professional experience has shown – that evidence of the relationship would likely be on their cell phones. In this case, the court finds that Detective Cummings was not required to include specific hard evidence or first-hand knowledge that evidence of the relationship between the Defendant and C.C. would be on the Defendant's phone for probable cause to exist.

Even if the court is incorrect, the good faith exception applies. As stated above, the Defendant argues that the affidavit for search warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" and that the warrant is so facially deficient that the executing officer could not reasonably believe it was valid. Again, the court disagrees. Detective Cummings' affidavit and testimony show his objective good faith belief that he was obtaining and executing a valid search warrant for the Defendant's phone. Detective Cummings' knowledge as both the affiant and the executing officer is considered in

determining whether he executed the warrant in good faith.  *See Guidry*; 199 F.3d at 1155 (10th Cir. 1999); *United States v. Simpson*, 152 F.3d 1241, 1248 (10th Cir. 1998).  Again, excluding this evidence would not deter police misconduct, but only punish his and the issuing judge's errors.

For the reasons stated above, the court will not follow the recommendation in the R&R [Docket No. 54].  The Defendant's motion to suppress evidence obtained pursuant to a search warrant for a cell phone search [Docket No. 22] is hereby denied.

**IT IS SO ORDERED** this 28th day of March, 2022.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**